IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Tina Moore, | ) |
|     Plaintiff, | ) |
| vs. | ) Civil Action No. 1:10-cv-2182-TLW-SVH |
| Novo Nordisk, Inc., Angela Sutton, Leah Gregg, and Bill Thompson, | ) |
|     Defendants. | ) |

# ORDER

This action was removed to this Court from the Court of Common Pleas for Aiken County, South Carolina on August 19, 2010. (Doc. # 1). The defendants moved for summary judgment on January 30, 2012. (Doc. # 56). The plaintiff submitted a response in opposition (Doc. # 63), and the defendants filed a reply (Doc. # 64).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Shiva V. Hodges to whom this case had previously been assigned. (Doc. # 66). In the Report, the Magistrate Judge recommends that the District Court grant the defendants' motion for summary judgment and dismiss this case in its entirety. (Doc. # 66). The plaintiff filed objections to the Report. (Doc. # 68). The defendants submitted a reply to the plaintiff's objections. (Doc. # 70). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.

1

The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. # 66). Therefore, for the reasons articulated by the Magistrate Judge, the defendants' motion for summary judgment (Doc. # 56) is **GRANTED**, and this case is **DISMISSED** in its entirety.[1]

**IT IS SO ORDERED**.

    s/Terry L. Wooten
United States District Judge

September 25, 2012
Florence, South Carolina

---

[1] In the Report and Recommendation, the Magistrate Judge states in connection with the plaintiff's wrongful discharge claim that the South Carolina Supreme Court has recognized a public policy exception to the employment at-will doctrine and that the exception has been recognized in two situations: (1) when an employer requires an employee to violate a criminal law as a condition of continued employment and employee refuses to do so; or (2) when the act of terminating an employee is itself in violation of a criminal law. Report, p. 9 (Doc. # 66). These are the two situations recognized by the supreme court. Additionally, in Garner v. Morrison Knudsen Corp., 456 S.E.2d 907 (S.C. 1995), the South Carolina Supreme Court noted that it had "never held the exception is limited to these situations." Even assuming the public policy exception is not limited to the two situations described above as noted in the objections to the Report, the Court concludes that the plaintiff has not presented evidence sufficient to move past summary judgment on her claim for wrongful discharge in violation of public policy.